JOHN SHABO *vs.* RUTH P. MARSHALL.
MARY SHABO *vs.* RUTH P. MARSHALL.

FEBRUARY 14, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ANDREWS, J. These two actions of trespass on the case for negligence were brought by a husband and wife to recover damages resulting from a collision between two automobiles, one driven by defendant and the other, operated by plaintiff's daughter, in which the plaintiff wife was riding as a passenger in the back seat. The plaintiff husband sued for consequential damages. The cases were tried together in the superior court before a justice sitting with a jury which returned a verdict for the defendant in each case. The plaintiffs' motions for a new trial were denied, and the cases are here on the bill of exceptions of each plaintiff to such denial, to the charge, and to an evidentiary ruling. In view of our conclusion, it is unnecessary to discuss the evidence.

After warning the jury that it could not disregard any of his instructions, the trial justice proceeded to give the following instructions:

"[1.] Now, if you find that the injuries for which the plaintiff seeks to recover were solely caused by the sudden stopping of the vehicle in which the plaintiff was riding, then your verdict must be for the defendant.

[2] If you find that the proximate cause of the injuries for which the plaintiff seeks to recover was caused by the negligence of some third party, or was caused by a condition set up by a third party, and that the defendant was not guilty of negligence, or if the defendant was guilty of negligence and the negligence of the defendant did not proximately contribute to the injuries for which the plaintiff seeks to recover, your verdict must be for the defendant.

[3] If you find that the defendant was guilty of negligence by a fair preponderance of the evidence, and that the negligence of the defendant was either the proximate cause or the contributing cause of the

injuries for which the plaintiff seeks to recover, then your verdict will be for the defendant.

[4] If you find the defendant was guilty of negligence, but this negligence did not contribute to the injuries for which the plaintiff seeks to recover, or was not the proximate cause of the injuries for which the plaintiff seeks to recover, your verdict must be for the defendant.

[5] If you find that the negligence of the operator of the vehicle which the plaintiff was driving, and the negligence of the defendant, by a fair preponderance of the evidence, both contributed to the injuries for which the plaintiff seeks to recover, then your verdict should be for the plaintiff."

2] The plaintiffs' exception numbered 4 is to the third instruction and that is the only exception to the charge which has been briefed or argued. Their attorney pointed out to the trial justice that this instruction should have ended with the word "plaintiff" instead of the word "defendant." The trial justice thought the attorney was mistaken and did not change the instruction. The defendant admits that this instruction was error but claims that the fifth instruction made it harmless. Since the fifth instruction required the jury to find the drivers of both vehicles negligent in order to warrant a recovery for plaintiff, it is clear that this instruction did not cure the error in the third one. The defendant also argues that because the trial justice used the word "defendant" properly in eleven other instances the error in the third instruction was not prejudicial. We are not impressed with this argument. We cannot say that the error pointed out in the third instruction was harmless. Consequently, the plaintiff's fourth exception in each case is sustained.

Since a new trial in each case must be had, we need not consider the other exceptions.

The plaintiff's fourth exception in each case is sustained,

and each case is remitted to the superior court for a new trial.

*William R. Goldberg*, for plaintiffs.

*James E. Flannery*, for defendant.